IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-68,352-02






EX PARTE ROBERT VERNON CLARK, JR., Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. CR-22174-A IN THE 217TH JUDICIAL DISTRICT COURT


FROM ANGELINA COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of robbery and
sentenced to thirty-three years' imprisonment. The Twelfth Court of Appeals affirmed his
conviction. Clark v. State, No. 12-06-00117-CR (Tex. App. - Tyler , March 14, 2007, no pet.) 

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because
counsel presented no defense, erroneously advised Applicant not to testify on his own behalf, failed
to show the State's evidence to Applicant, and relayed information provided by Applicant to the
prosecution. There is nothing in the record to refute Applicant's allegations. The State has not filed
an answer, and the trial court has not entered findings of fact and conclusions of law. There are no
copies of the indictment or judgment in the habeas record, no affidavit from counsel, and no copy
of the appellate opinion. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial counsel with the opportunity to respond to Applicant's claim of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall first supplement the habeas record with copies of the indictment,
judgment, appellate opinion, any affidavit provided by trial counsel, and any other relevant
documents. The trial court shall make findings of fact as to whether the performance of Applicant's
trial attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. 
The trial court shall also make any other findings of fact and conclusions of law that it deems
relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: May 7, 2008

Do not publish